# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 31, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | |
| KAITLYN J. REECE *and* KRISTOPHER M. REECE *parents and natural guardians of K.R., a minor* | * * * * | No. 20-1267V |
| Petitioner, | * * | Special Master Young |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * | | |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners;
*Julia Marter Collison*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 24, 2020, Kaitlyn Reece and Kristopher Reece, as parents and natural guardians of K.R., a minor, ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioners alleged that K.R. suffered from vitiligo and related skin conditions due to a diphtheria-tetanus-pertussis ("Dtap") vaccine administered on September 27, 2017. Pet. at 1, ECF No. 1; Amend. Pet. at 1, ECF No. 21. On May 29, 2024, I issued my decision denying entitlement and dismissing the petition. ECF No. 78.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On January 5, 2025, Petitioners filed a final motion for attorneys' fees and costs. ("Pet'r's Mot. for AFC") (ECF No. 82). Petitioners request total attorneys' fees and costs in the amount of $75,503.27, representing $69,429.90 in attorneys' fees, and $6,073.37 in attorneys' costs. Pet'r's Mot. for AFC at 2. Petitioners indicate that they did not personally incur any costs in pursuit of their petition. *See id.* at Tab 6. Respondent responded to the motion on January 17, 2025, stating that Respondent "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 5 (ECF No. 84). Petitioner filed a reply on January 21, 2025. Pet'r's Reply (ECF No. 85).

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent also deferred to the court regarding whether the statutory requirements for an award of attorneys' fees and costs have been met in this case. Accordingly, Petitioners are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioners request the following hourly rates for the work of their counsel, Mr. Robert Krakow, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, $525.00 per hour for work performed in 2022, $553.00 per hour for work performed in 2023, and $584.00 per hour for work performed in 2024. Additionally, Petitioner requests rates between $150.00 to $197.00 per hour for paralegal work performed from 2019-2024. *Id*. These rates are consistent with what counsel has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

### B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of $69,429.90.

### C.     Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $6,073.37 in attorneys' costs. This amount is comprised of acquisition of medical records, printing/copy fees, postage, and the Court's filing fee. *See* Pet'r's Mot. for AFC, Tabs 3 and 4. The amount also includes expert services provided by pediatric immunologist Martin Blaiss, MD totaling $2,860, and a $2,500.00 referral fee to The Expert Institute. *See id* at Tab 5. These costs have been supported with the necessary documentation and are reasonable. Petitioners are therefore awarded the full amount of costs sought.[4]

---

[3] The OSM Fee Schedules are available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] In awarding the full amount of costs sought, I am not specifically endorsing any particular hourly rate for the work of Dr. Blaiss. Rather, I find that the total amount billed for Dr. Blaiss's work is reasonable, and Respondent did not identify with particularity any objection.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $69,429.90 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$69,429.90** |
| | |
| Attorneys' Costs Requested | $6,073.37 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,073.37** |
| | |
| **Total Attorneys' Fees and Costs** | **$75,503.27** |

**Accordingly, I award a lump sum in the amount of $75,503.27, representing reimbursement for Petitioners' attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

    **IT IS SO ORDERED**.

    s/Herbrina Sanders Young
    Herbrina Sanders Young
    Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.